UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JOHN MICHAEL FOSTER,<br><br>                  Petitioner,<br>     v.<br><br>ISIDRO BACA, *et al.*,<br><br>                  Defendants. | Case No. 3:17-cv-00317-MMD-WGC<br><br>ORDER |

**I.    SUMMARY**

This pro se habeas matter under 28 U.S.C. § 2254 comes before the Court on Respondents' motion to dismiss Petitioner John Michael Foster's amended petition as untimely ("Motion") (ECF No. 18). Foster did not file an opposition or respond to the motion in any way. The Court will grant the Motion.

**II.    BACKGROUND**

Foster was charged with six counts, and on August 22, 2011, he pleaded guilty to failure to stop upon signal of a police officer in a manner which endangers other persons or property (count 2) and driving under the influence of alcohol – third offense in seven years (exhibit 32).[1] On August 24, 2011, a jury convicted Foster of failure to stop upon signal of a peace officer causing bodily harm to another person (count 4) and battery with a deadly weapon (count 5). (Exh. 25.) The state district court sentenced him as follows: count 2 – 12 to 30 months; count 4 – 24 to 60 months, concurrent with count 2; count 5 – 24 to 96 months, consecutive to counts 2 and 4; count 6 – 24 to 60 months, consecutive to counts 2, 4 and 5. (Exh. 32.) Judgment of conviction was filed on October 19, 2011. (*Id.*)

///

---

[1] Exhibits referenced in this order are exhibits to Respondents' motion to dismiss, ECF No. 18, and are found at ECF Nos. 19–22.

The Nevada Supreme Court affirmed the convictions on November 15, 2012 and affirmed the denial of Foster's state postconviction habeas corpus petition on March 15, 2017. (Exhs. 48, 114.)

Foster dispatched his federal petition for mailing about May 19, 2017 (ECF No. 1-1). This Court dismissed the petition with leave to amend because the petition was not on the court-required form and failed to set forth any grounds for federal habeas relief (ECF No. 11). Foster filed an amended petition on February 7, 2018 (ECF No. 12). Respondents have moved to dismiss the petition as untimely (ECF No. 18).

## III. DISCUSSION

### A. Relation Back

Respondents argue that Foster's amended petition does not relate back to a timely-filed petition and should thus be dismissed as untimely (ECF No. 18 at 4–6). The Court agrees.

A new claim in an amended petition that is filed after the expiration of the Antiterrorism and Effective Death Penalty Act ("AEDPA") one-year limitation period will be timely only if the new claim relates back to a claim in a timely-filed pleading under Rule 15(c) of the Federal Rules of Civil Procedure, on the basis that the claim arises out of "the same conduct, transaction or occurrence" as a claim in the timely pleading. *Mayle v. Felix*, 545 U.S. 644 (2005). In *Mayle*, the United States Supreme Court held that habeas claims in an amended petition do not arise out of "the same conduct, transaction or occurrence" as claims in the original petition merely because the claims all challenge the same trial, conviction or sentence. *Id.* at 655–64. Rather, under the construction of the rule approved in *Mayle*, Rule 15(c) permits relation back of habeas claims asserted in an amended petition "only when the claims added by amendment arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate in 'both time and type' from the originally raised episodes." *Id.* at 657. In this regard, the reviewing court looks to "the existence of a common 'core of operative facts' uniting the original and newly asserted claims." *Id.* at 646. A claim that merely adds "a new legal theory tied to the

2

same operative facts as those initially alleged" will relate back and be timely. *Id.* at 659 & n.5; *Ha Van Nguyen v. Curry*, 736 F.3d 1287, 1297 (9th Cir. 2013).

Here, the Nevada Supreme Court affirmed Foster's convictions on direct appeal on November 15, 2012. (Exh. 48.) Foster did not seek a writ of certiorari, and therefore, his conviction became final on February 13, 2013. *Jimenez v. Quarterman*, 555 U.S. 113, 119–20 (2009) (conviction final when Supreme Court denies petition for writ of certiorari, or when time to seek writ expires); *see also* Sup. Ct. R. 13(1). On November 8, 2013, Foster filed his state petition for writ of habeas corpus. (Exh. 58.) As he had no properly filed application for state postconviction or other collateral review pending between February 13, 2013, and November 8, 2013, Foster utilized 268 days of his AEDPA limitations period. 28 U.S.C. § 2244(d)(2).

The Nevada Supreme Court affirmed the denial of Foster's state postconviction petition, and remittitur issued on April 10, 2017. (Exh. 116.) Thirty-seven days of untolled time passed until Foster filed his original federal petition on May 17, 2017. 28 U.S.C. § 2244(d)(2). The limitations period thereafter expired 61 days later on July 17, 2017. *Duncan v. Walker*, 533 U.S. 167, 180 (2001) (filing federal action does not toll AEDPA limitations period). Foster filed his amended petition more than six months later on February 7, 2018 (ECF No. 12). Accordingly, the amended petition is untimely. Thus, the claims in the amended petition must relate back to Foster's original petition in order to be deemed timely.

However, as Respondents point out, the Court dismissed Foster's original filing with leave to amend because the purported petition was not on the Court-required form.[2] (ECF No. 11.) Nor did the petition substantially comply with the required-form. The petition states the length of the sentences, the charges for which Petitioner was convicted, the post-conviction proceedings, and a general request for "a full review or evidentiary hearing based on *Nasby v. McDaniel* . . .". (ECF No. 1-1.) The petition does not set forth any

///

---

[2] As noted earlier, Foster did not file a response to the motion to dismiss.

3

grounds for federal habeas relief. *Id.* Thus, there are no facts to which Foster's amended claims can relate back. Even pro se petitioners must provide some factual assertions to later satisfy the relation-back standard. *Ross v. Williams*, 896 F.3d 958, 972–973 (9th Cir. 2018). The amended petition is untimely and cannot relate back to Foster's original filing. As discussed above, the amended petition is dismissed as untimely.

### B. Certificate of Appealability

This is a final order adverse to the Foster. As such, Rule 11 of the Rules Governing Section 2254 Cases requires this court to issue or deny a certificate of appealability ("COA"). Accordingly, the Court has sua sponte evaluated the claims within the petition for suitability for the issuance of a COA. *See* 28 U.S.C. § 2253(c); *Turner v. Calderon*, 281 F.3d 851, 864–65 (9th Cir. 2002).

Pursuant to 28 U.S.C. § 2253(c)(2), a COA may issue only when a petitioner "has made a substantial showing of the denial of a constitutional right." With respect to claims rejected on the merits, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). For procedural rulings, a COA will issue only if reasonable jurists could debate (1) whether the petition states a valid claim of the denial of a constitutional right and (2) whether the court's procedural ruling was correct. *Id*.

Having reviewed its determinations and rulings in dismissing Foster's petition, the court finds that none of those rulings meets the *Slack* standard. The Court therefore declines to issue a certificate of appealability.

### IV. CONCLUSION

It is therefore ordered that that Respondents' motion to dismiss (ECF No. 18) is granted. The petition is dismissed with prejudice as untimely.

It is further ordered that Respondents' first and second motions for extension of time to file a response to the amended petition (ECF Nos. 16 and 17) are both granted nunc pro tunc.

The Clerk of Court is directed to enter judgment accordingly and close this case.

DATED THIS 26th day of February 2019.

 _____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE